IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **BETTINA LANDRY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **DAVID LANDRY,** | § | **CIVIL ACTION NO. _____** |
| **RAUL REYNA, JR.,** | § | |
| **JIMMY REYNA,** | § | **JURY DEMANDED** |
| **GERARDO "JERRY" GARCIA, AND** | § | |
| **GOTCHA INVESTIGATIONS** | § | |
| **Defendants.** | § | |

**Defendant David Landry's Notice of Removal**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, David Landry, files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and will show unto this Court the following:

**I. Summary of Notice**

1. Defendant David Landry removes this lawsuit because complete diversity exists, given the improper and/or fraudulent joinder of Raul Reyna, Jr., Jimmy Reyna, Gerardo "Jerry" Garcia, and Gotcha Investigations, the amount in controversy exceeds $75,000, and this Notice of Removal is being filed within the time period permitted under Section 1441(b).

**II. Background**

2. On or about November 18, 2019, Bettina Garza filed Plaintiff's Original Petition and Application for Temporary Restraining Orders against one out of state Defendant and four in-state Defendants bringing three state claims and seeking mental anguish damages, punitive damages, court costs, and pre-judgment and post-judgment interest.

### III. Diversity of Jurisdiction Exists

3.      The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

4.      Complete diversity of citizenship exists between the proper parties because Raul Reyna, Jr., Jimmy Reyna, Gerardo "Jerry" Garcia, and Gotcha Investigations are improperly joined.

5.      Plaintiff Bettina Garza is a citizen of Starr County, Texas.

6.      Defendant David Landry is not a citizen of the State of Texas. Landry as the Original Petition states was a citizen of Sabine Perish, Many, Lousiana at the time suit was filed.

### IV. Plaintiff Has Improperly Joined Landry's Co-Defendants Solely to Defeat Diversity

7.      "[Improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). As to the second situation, the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

8.      To determine if a plaintiff has improperly joined an in-state defendant to destroy diversity, the Fifth Circuit employs a district court to "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a

claim under state law against the in-state defendant." *Smith v. Petsmart, Inc.*, 278 F. App'x 377, 379 (5th Cir. 2008) (quoting *Smallwood*, 385 F.3d at 573). When conducting this analysis, the Plaintiff's recovery against the in-state defendant "must be reasonable, not merely theoretical." *Id.* (citations omitted).

9. A Rule 12(b)(6) analysis instructs a Court to determine whether the plaintiff fails "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

10. Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The statements in the complaint must be sufficiently detailed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Iqbal* at 678; *Twombly* at 555.

11. Plaintiff has plead three claims which are: (1) intrusion upon seclusion; (2) Chapter 85 of the Texas Civil Practice & Remedies Code ("Liability for Stalking"); and (3) unlawful civil conspiracy.

12. Plaintiff cannot establish a claim from intrusion on seclusion against Landry's Co-Defendants. The elements are: (1) the defendant intentionally intruded on the plaintiff's solitude, seclusion, or private affairs; (2) the intrusion would be highly offensive to a reasonable

person; and (3) the plaintiff suffered an injury as a result of the defendant's intrusion. *Fawcett v. Grosu*, 498 S.W.3d 650, 664 (Tex.App.–Houston [14th Dist.] 2016, pet. denied). Plaintiff has not pled any facts to support the elements of proof required to support a claim of intrusion on seclusion.

13. Plaintiff cannot establish a claim for stalking under Chapter 85 of the Texas Civil Practice & Remedies Code against Landry's Co-Defendants. Plaintiff has not pled any facts to support the elements of proof required to support the claim under Section 85.003 of the Texas Civil Practice & Remedies Code.

14. Plaintiff cannot establish a claim for unlawful civil conspiracy against Landry's Co-Defendants. Plaintiff has not pled any facts to support the elements of an unlawful civil conspiracy claim. Further, Plaintiff contends that Defendant employed "Gotcha Investigations to engage in a conspiracy to stalk and invade Plaintiff's privacy." An agent cannot conspire with its principal. *Bradford v. Vento*, 48 S.W.3d 749, 761 (Tex. 2001). The acts of an agent and its principal are the acts of a single entity and cannot constitute conspiracy. *Lyons v. Lindsey Morden Claims Mgmt.*, 985 S.W.2d 86, 91 (Tex. App.–El Paso 1998, no pet.).

15. Because there is no possibility of recovery against Raul Reyna, Jr., Jimmy Reyna, Gerardo "Jerry" Garcia, and Gotcha Investigations, their citizenship should be disregarded for the purposes of determining diversity in this case. Therefore, pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists between the real parties in interest.

16. It should be noted that Plaintiff seeks injunctive relief. Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action. *E.g., Brittingham v. Ayala*, 995 S.W.2d 199, 201 (Tex. App.–San Antonio 1999, pet. denied). Injunctive relief is simply a form of equitable remedy. *Id.*; *see also Butnaru v. Ford Motor Co.*,

84 S.W.3d 198, 204 (Tex. 2002) (holding that injunctive relief requires that plaintiff first plead a viable underlying cause of action). "A plaintiff's joinder of formal or unnecessary parties cannot defeat diversity jurisdiction and prevent removal." *Titan Aviation, LLC v. Key Equip. Fin., Inc.*, 2006 U.S. Dist. LEXIS 77963, 2006 WL 3040923, at *2 (N.D. Tex. Oct. 26, 2006) (Fitzwater, J.) (citing *Pesch v. First City Bank of Dallas*, 637 F. Supp. 1530, 1536 (N.D. Tex. 1986) (Fitzwater, J.)). If injunctive relief is ultimately granted, it will be based on the actions of Landry and not of Co-Defendants. *See Cook v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 69239, *13-14, 2010 WL 2772445 (N.D. Tex. July 12, 2010) ("If injunctive relief is ultimately granted in this case, it will be based on the actions of U.S. Bank and/or Wells Fargo. The fact that it might also incidentally result in an enjoining of Frappier, Lovell, and Romero as substitute trustees is not relevant for diversity jurisdiction purposes.").

17.  Defendant contends that there was actual fraud in the pleading of jurisdictional facts. The truck mentioned by Plaintiff at Section V. was not on private property as asserted, but on a public road. Although Plaintiff asserts at Section V. that Jimmy Reyna was trespassing, Reyna was not trespassing. There was no tracking device placed on Plaintiff's vehicle and there were no attempts to place one on the vehicle. Landry and Co-Defendants did not text message with each other. Raul Reyna and Jimmy Reyna were on a public road. As Plaintiff mentioned at Section V., the Reynas are private investigators. They had a lawful right to be on a public road.

## V. Amount in Controversy

18.  The party seeking to maintain federal jurisdiction is required to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). When the case is one that has been removed from state court, such party may satisfy this burden in either of two ways: (1)

by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) "by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit -- that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

19. The Fifth Circuit has held that allegations of mental anguish and punitive damages in unspecified amounts can satisfy the required threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

20. Further, the Fifth Circuit has held that a request for punitive damages in itself may, under certain circumstances, support a finding that it is "facially apparent" the amount in controversy exceeds the threshold amount. *Allen*, 63 F.3d at 1336.

21. Plaintiff seeks mental anguish damages and punitive damages under Section 85.004 of the Texas Civil Practice & Remedies Code which is limited by Chapter 41 of the Texas Civil Practice & Remedies Code. Plaintiff, under Section 41.008 of the Texas Civil Practice & Remedies Code, could potentially recover a minimum of $200,000.00.

22. It is "facially apparent" from the petition that the claim exceeds jurisdictional limits.

### VI. Other

23. **Timeliness:** This notice is filed with this Court within 30 days after service on Defendant of Plaintiff's Original Petition in the above-entitled action. Defendant was served by personal service on December 5, 2019. Accordingly, this Notice of Removal is being filed within the time period permitted under Section 14441(b).

24. **Venue:** Venue upon removal is proper in the United States District Court for the Southern District of Texas McAllen Division. *See* 28 U.S.C. § 14441(a).

H:\F\18-5496\2019 Defense - Bettina's Intrusion Upon Seclusion\Pleadings\12.17.19 Notice of Removal.wpd    Page 6 of 8

25. **Jury Demand:** Defendant requested a trial by jury in his Original Answer.

26. **Consent:** Consent is not required when fraudulent joinder is alleged. However, Co-Defendants, through counsel, do consent to removal of this lawsuit to this Court.

27. **State Court Documents:** A copy of all process, pleadings, and orders served upon or by, the Defendant in the state court suit are being filed with this notice as required by 28 U.S.C. § 1446(a) and Local Rule 81.

28. **Notice:** Defendant will serve Plaintiff with a copy of this Notice of Removal and will file a Notice with the Clerk of the County Court at Law of Starr County, Texas as required by 28 U.S.C. § 1446(d).

## VI. Prayer

WHEREFORE, Defendant David Landry prays that this cause be removed to the United States District Court for the Southern District of Texas McAllen Division, pursuant to the statutes and in conformance with the requirements set forth in 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

/s/ Katie P. Klein
KATIE PEARSON KLEIN
State Bar No. 11561900
Southern District No. 7577
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
Southern District No. 14992
DALE & KLEIN, L.L.P.
1100 E. Jasmine Ave. Ste 202
McAllen, Texas 78501
(956) 687-8700/(956) 687-2416 (fax)
office@daleklein.com
***Attorneys for Defendant David Landry***

## Certificate of Service

      I hereby certify that on December 17, 2019, I electronically filed the Notice of Removal with the Clerk of the Court using the CM/EMF system, which will send notification of such filing to the following and, if such person is not a member of the CM/ECF system, then service will be made in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

| | |
|---|---|
| Hilda Gonzalez Garza | Martie Garcia Vela |
| THE LAW OFFICE OF HILDA GONZALEZ GARZA, PLLC | THE LAW OFFICE OF MARTIE GARCIA VELA |
| 205 E. 5th Street | 509 San Antonio St. |
| Rio Grande City, Texas 78582 | Rio Grande City, TX 78582 |

O. Rene Flores
1308 S. 10th Ave.
Edinburg, TX 78539

                                                 */s/ William D. Mount, Jr.*
                                                 WILLIAM D. MOUNT, JR.